# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER ILANDERS STREET,

    *Petitioner*,

vs.

NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    *Respondents*.

3:13-cv-00396-RCJ-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid. Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

## *Background*

The papers on file and the online docket records of the state courts reflect the following.

Petitioner Christopher Street was convicted, pursuant to a guilty plea, of possession of stolen property and was adjudicated as a habitual criminal.

The judgment of conviction was filed on November 7, 2007. Petitioner did not file a direct appeal, and the time for doing so expired on Friday, December 7, 2007.

After 327 days had passed, on October 30, 2008, petitioner filed a state post-conviction petition. Proceedings on the petition ultimately concluded on January 7, 2013, with the

issuance of the remittitur after the state supreme court affirmed the denial of relief in No. 59244 in that court.

Thereafter, on April 4, 2013, petitioner filed a second state post-conviction petition. The state supreme court held that the petition was untimely in a January 16, 2014, order of affirmance in No. 63575 in that court.

Meanwhile, on May 14, 2013, petitioner filed a motion to correct sentence. The state district court denied the motion on December 2, 2013, and petitioner did not file an appeal.

On or about July 22, 2013, petitioner mailed the federal petition to the Clerk for filing.

### *Discussion*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, the limitation period therefore began running after the time expired for taking a direct appeal, *i.e.*, after December 7, 2007.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. Petitioner's first state petition therefore tolled the running of the federal limitation period from October 30, 2008, through January 7, 2013.

A total of 327 days elapsed before the October 30, 2008, filing of the first petition, leaving 38 days remaining in the one-year limitation period after the January 7, 2013, remittitur. Accordingly, absent other tolling or delayed accrual, the federal limitation period expired on February 14, 2013.

The July 22, 2013, federal petition was constructively filed over five months after the federal limitation period had expired, absent other tolling or delayed accrual.

Petitioner's 2013 state court filings, standing alone, do not render the federal petition timely, for two reasons. First, and most significantly, both the April 4, 2013, second state petition and the May 14, 2013, motion to correct sentence were filed after the federal limitation period already had expired, absent other tolling or delayed accrual. Second, as to the second state petition in particular, an untimely state proceeding does not statutorily toll the federal limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). The second state petition thus did not statutorily toll the federal limitation period.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, as to all of the charges pending against him in the case

prior to the plea. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S. 614 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

In addition, establishing delayed accrual as to independent claims of alleged ineffective assistance of post-conviction counsel and/or of other alleged error in the state post-judgment proceedings will not render any such claims viable herein. Any claims in the pleadings seeking to present constitutional claims based upon alleged ineffective assistance of state post-conviction counsel and/or error in the state post-conviction proceedings are not cognizable in a federal habeas corpus proceeding. The decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), does not establish any independently enforceable constitutional right to effective assistance of counsel in state post-conviction proceedings. *See* 132 S.Ct. at 1319. Moreover, alleged errors in state post-conviction proceedings are not cognizable on federal habeas review. *E.g., Franzen v. Brinkman*, 877 F.2d 26 (1989). There is a fundamental jurisdictional distinction between a federal court considering a collateral challenge to a state court judgment of conviction and the court instead considering a collateral challenge to other state court judgments. Congress has granted the federal district courts jurisdiction in 28 U.S.C. § 2254 to consider collateral challenges only to state court judgments of conviction. There is no comparable provision providing those courts jurisdiction to consider collateral challenges to a state court judgment denying a state post-conviction petition. Under current law, *Martinez* provides a petitioner potentially with a cause-and-prejudice argument to overcome the procedural default of a claim of ineffective assistance of trial and direct appeal counsel. It does not provide an independently viable constitutional claim within the jurisdiction of the federal district courts based upon alleged error in state post-conviction proceedings.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition and accompanying motion for appointment of counsel.[1]

---

[1] The Court does not find that the interests of justice require the appointment of counsel prior to a response to the show-cause order. The motion, along with the related pauper application (#6), will remain

(continued...)

1   IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred.  If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice.  If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence.  The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record.  Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

DATED:   June 3, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[1](...continued)
under submission pending further review.  The Court further does not suggest that the pleadings are free of deficiencies.  *Inter alia*, petitioner failed to name the proper respondent, failed to properly use the petition form to state his claims, and has presented serial piecemeal pleadings.  The Court defers consideration of any deficiencies in the pleadings until after considering in the first instance whether the action is untimely.