# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER ILANDERS STREET,<br><br>*Petitioner*,<br><br>vs.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.,*<br><br>*Respondents.* | 3:13-cv-00396-RCJ-VPC<br><br>ORDER |

This habeas action by a Nevada state inmate comes before the Court for review of petitioner's response (#13) to the show-cause order as to timeliness, on petitioner's motion (#11) for appointment of counsel, and on a pending motion (#12) for extension of time.

Following review of the show-cause response, the Court further finds that appointment of counsel is in the interests of justice, considering, *inter alia*: (a) the lengthy sentence of life with the possibility of parole; (b) the number and complexity of the potential procedural and substantive issues; and (c) petitioner's allegation that his ability to timely file a petition was affected by mental health conditions and the associated medication regimen.

The Court states the following caveats, however. The Court is appointing counsel in the main to assure that (a) the record is adequately developed as to whether petitioner's mental health condition and medication regimen provide a viable basis for equitable tolling (b) without any *arguendo* current mental health issues and/or limitations on medical records access affecting petitioner's ability to present an adequate record. *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003). Such record development may not necessarily

require an evidentiary hearing, however. Petitioner must show not merely that mental health issues and/or medication affected his ability to timely file during some portion of the limitation period. He instead must show a but-for causal relationship between the alleged extraordinary circumstance and the untimeliness of his federal filing. *See, e.g., Stancle v. Clay*, 692 F.3d 949, 959 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 1465 (2013). The *pro se* petitioner focused his showing on the early part of the limitation period, prior to his timely-filed state petition. Such a showing would not necessarily carry the day following an opportunity for full factual development with counsel.

IT THEREFORE IS ORDERED that petitioner's motion (#12) for appointment of counsel is GRANTED as per the remaining provisions below. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the potential issues presented, for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding by the Court of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez

1  Masto as counsel for respondents and shall make informal electronic service of this order
2  upon respondents by directing a notice of electronic filing to her.  Respondents' counsel shall
3  enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further
4  response shall be required from respondents until further order of this Court.

5        IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all state
6  court record and related exhibits that are filed to, for this case, the **Reno Clerk's Office**.

7        IT FURTHER IS ORDERED that petitioner's motion (#12) for an extension of time is
8  DENIED as moot following upon petitioner's filing of a show-cause response within the
9  original time ordered.

10       The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along
11 with a copy of the papers that he submitted in #13), the Nevada Attorney General, the Federal
12 Public Defender, and the CJA Coordinator for this Division.  The Clerk further shall regenerate
13 notices of electronic filing of all prior filings herein to both the Nevada Attorney General and
14 the Federal Public Defender.[1]

15     DATED:  July 15, 2014

                                                               ROBERT C. JONES
                                                               United States District Judge

---

[1] Petitioner's counsel may wish to review whether the state corrections department is a viable respondent herein.  A State or an arm of a State may not be sued directly in federal court, regardless of the relief sought.  *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984).